GUIDRY, Judge.
We granted a writ of certiorari in this case to consider defendant’s contention that the evidence failed to exclude every reasonable hypothesis of his innocence and therefore, the trial court erred in denying his motion for acquittal.
The record reflects that the State produced only circumstantial evidence of defendant’s guilt. In State v. Ledet, 458 So.2d 1024 (La.App. 3rd Cir.1984), we discussed the standard of review applicable in such cases stating:
“The standard of review as to sufficiency of the evidence to support a conviction is whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all elements of the crime have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In a case such as this involving circumstantial evidence, the defendant is entitled to have the jury instructed that the evidence must exclude every reasonable hypothesis of innocence. State v. Captville, 448 So.2d 676 (La.1984). In regard to the correct standard of appellate review in cases involving circumstantial evidence, the Louisiana Supreme Court has most recently made the following state *1045 ment in State v. Chism, 436 So.2d 464 (La.1983):
‘Although the circumstantial evidence rule may not establish a stricter standard of review than the more general reasonable juror’s reasonable doubt formula, it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence.’
The above statement by the court in Chism was reiterated in State v. Captville, supra....”
We have carefully reviewed the evidence presented in this case in light of the above standard and conclude that the trial court clearly erred in denying defendant’s motion for acquittal.
The only circumstantial evidence presented by the State to establish that defendant took money from Colson’s cash register is Colson’s testimony that while he was outside in front of his store, the defendant and his wife entered the store. Colson entered immediately behind them and, upon his entry, he observed the defendant coming from the area of the cash register and ice cream freezer. Upon opening the register to give change to defendant’s wife, Colson observed that there were no five or ten dollar bills in the cash register. Colson therefore assumed that defendant had taken all of the five and ten dollar bills from the cash register.
Colson testified that he did not know how much money was in the register nor did he know how much of it was in five and ten dollar denominations. He also testified that he did not observe the defendant remove anything from the cash register nor was he at the register when he first observed him. Colson merely testified that he saw the defendant come from the general area of the register which rests upon the ice cream freezer.
Colson testified that there was a stack of one dollar bills left in the register. He also testified that there had been several customers in and out of the store that morning and that he had not kept count of the money in the register. Colson had no recollection of when he last observed any five and ten dollar bills in the register nor did he recall who was the last customer in the store prior to defendant and his wife.
This evidence, when viewed in a light most favorable to the prosecution, clearly does not exclude every reasonable hypothesis of defendant’s innocence. One very reasonable hypothesis is that there were no five or ten dollar bills in the register when defendant entered Colson’s store given the facts that several customers had been in and out of the store that day; Colson had not kept count of the money in the register; and, had no recollection of when he last observed any five or ten dollar bills in the register. Another reasonable hypothesis is that someone other than defendant could have entered the store unnoticed, removed the money and absconded undetected. This hypothesis is reasonable considering the evidence that Colson was often outside his store busying himself in other tasks; Colson is hard of hearing; the cash register is not locked and makes no audible sound upon being opened; when defendant was apprehended no money was discovered on his person; defendant and his wife were in the Colson store alone only momentarily before Colson entered; and, Colson did not observe defendant remove anything from the cash register nor was he at the register when Colson first observed him.
Considering the above, we conclude that the totality of the evidence when considered in a light most favorable to the prosecution fails to exclude every reasonable hypothesis of defendant’s innocence and the trial court clearly erred in holding otherwise. Accordingly, the writ granted is made peremptory and defendant’s conviction and sentence are reversed and set aside and a judgment of acquittal is entered in defendant’s favor.
REVERSED — JUDGMENT OF ACQUITTAL ENTERED.